**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Russell Smith

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUSSELL SMITH, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**HUNT & HENRIQUES, INC.,**<br><br>Defendant. | **Case No.:** '16CV3048 CAB JLB<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.  RUSSELL SMITH ("Plaintiff"), by Plaintiff's attorneys, brings this class action to challenge the actions of HUNT & HENRIQUES, INC. ("Defendant") with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692(k); and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (2) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

///
///
///
///
///

12. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

### PARTIES

13. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is an entity whose State of Incorporation and principal place of business is in the County of San Jose, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

19. In or about 2010, Plaintiff allegedly incurred financial obligations to the original creditor, Capital One Bank (USA) N.A., that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6); and, California Civil Code §1788.2(f).

20. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

21. In this regard, Defendant sent Defendant's initial written communication to Plaintiff on or about August 9, 2016.

22. Said initial written communication, in part, stated the following:

Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any portion of it. If you do not dispute the validity of the debt or any portion of it within that period, we will assume that the debt is valid. If you do dispute the debt, or any portion of it, in writing – by mailing a notice to this firm to that effect on or before the 30th day following the date you receive this letter – we will obtain verification of the debt or a copy of a judgment against you and mail a copy of such verification or judgment to you. And if, within the same period, you request in writing the name and address of the original creditor (if different from the current creditor), we will provide that information to you.

23. Specifically at issue herein is Defendant's requirement that Plaintiff submit any written dispute via mail only.

24. By requiring written disputes to be mailed, Defendant is illegally placing additional burdens on Plaintiff since any written dispute, regardless of how the written dispute is transmitted, is valid.

25. Not only does a mailed dispute cost Plaintiff money, but it also takes more time than other written methods of transmitting a dispute, such as facsimile, email and/or online submission.

26. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities.[2]

27. This burden creates an unnecessary obstruction for consumers that wish to utilize their rights as delineated by the FDCPA.

28. Similarly, the mailing requirement would also prohibit consumers from utilizing written dispute methods publically available on Defendant's website.[3]



KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

---

[2] *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991).

[3] *See* http://www.hunthenriques.com/contact.html

29. Defendant's statement is likely to mislead the least sophisticated consumer since said statement places an unnecessary and inappropriate burden on the consumer to dispute the debt in only one method while concealing that other methods of written disputes are sufficient.

30. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiffs' alleged debts.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692g by failing to include the proper debt verification procedures.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of himself individually, and on behalf of all others similarly situated ("the Classeses").

34. Plaintiff represents, and is a member of the FDCPA Class, defined as follows:
   (i) all persons with addresses within the United States; (ii) who were sent one or more collection letter(s) by Defendant; (iii) to recover a consumer debt; (iv) that restricted written disputes to be sent via mail only; (iv) which was not returned undeliverable by the United States Postal Service; (v) at any time one year prior to the date of the filing of this Action.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

35. Plaintiff represents, and is a member of the RFDCPA Class, defined as follows:

> (i) all persons with addresses within the State of California (ii) who were sent one or more collection letter(s) by Defendant; (iii) to recover a consumer debt; (iv) that restricted written disputes to be sent via mail only; (iv) which was not returned undeliverable by the United States Postal Service; (v) at any time one year prior to the date of the filing of this Action

36. Defendant and its employees or agents are excluded from the Classes.

37. Plaintiff does not know the exact number of persons in the Classes, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

38. The joinder of the Classes members is impractical and the disposition of their claims in the Classes action will provide substantial benefits both to the parties and to the court.   The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes.  The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendant's letter violated the FDCPA;

   b. Whether Defendant's letter violated the RFDCPA;

   c. Whether members of the Classes are entitled to the remedies under the FDCPA;

   d. Whether members of the Classes are entitled to the remedies under the RFDCPA;

   e. Whether members of the Classes are entitled to declaratory relief pursuant to the FDCPA;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

f.  Whether members of the Classes are entitled to declaratory relief pursuant to the RFDCPA;

g.  Whether members of the Classes are entitled to injunctive relief pursuant to the FDCPA;

h.  Whether members of the Classes are entitled to injunctive relief pursuant to the RFDCPA;

i.  Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

j.  Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA;

k.  Whether Defendant can satisfy the bona fide error affirmative defense pursuant to the FDCPA; and,

l.  Whether Defendant can satisfy the bona fide error affirmative defense pursuant to the RFDCPA.

40.  As a person that received at least one written communication from Defendant in violation of Federal and State fair debt collection laws, Plaintiff is asserting claims that are typical of the Classes.

41.  Plaintiff will fairly and adequately protect the interests of the Classes.

42.  Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

43.  Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

44.  A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or are $1,000. Management of these claims is likely to present

significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

45. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

46. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

47. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)

### [AGAINST ALL DEFENDANTS]

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

50. As a result of each and every violation of the FDCPA, Plaintiff, and the putative class members, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788, ET SEQ. (RFDCPA)

### [AGAINST ALL DEFENDANTS]

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

53. As a result of each and every violation of the RFDCPA, Plaintiff, and the members of the Class, are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant on behalf of each putative class member as follows:

- That this action be certified as a class action on behalf of the Classes as requested herein;
- That Plaintiff be appointed as representative of the Classes;
- That Plaintiff's counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and,
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: December 16, 2016                               Respectfully submitted,

                                            KAZEROUNI LAW GROUP, APC

                                            By: ___/s/ Matthew M. Loker__
                                                MATTHEW M. LOKER, ESQ.
                                                ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626